UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL BUXBAUM,

                Plaintiff,

        v.

ZILLOW GROUP INC.,

                Defendant.

25-CV-2766 (RA)

ORDER OF DISMISSAL

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff, who is appearing *pro se*, files suit under the False Claims Act, 31 U.S.C § 3729, alleging that Defendant Zillow Group, Inc. has made false claims to the government and committed fraud. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, "[n]otwithstanding any filing fee . . . that may have been paid." 28 U.S.C. § 1915(e)(2); *see MacKinnon v. City of New York/Hum. Res. Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014) (summary order) ("A district court has the inherent authority to dismiss an action that 'lacks an arguable basis either in law or in fact,' regardless of whether the plaintiff has paid the filing fee." (citations omitted)).

    While the law mandates dismissal on any of these grounds, the Court is also obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). The "special solicitude" the Court affords in *pro se* cases, *id*. at 475, however, has its

limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A serial litigant's claims, moreover, may be entitled to "less deference than most pro se litigants because of [their] extensive litigation history." *In re Lynch*, No. 19-2965, 2022 WL 16467, at *2 (2d Cir. Jan. 3, 2022) (summary order); *cf. Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[T]he degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented.").

## BACKGROUND

Plaintiff is a serial litigant who has filed more than one hundred actions in this district since mid-December 2024. *See Buxbaum v. Sommer*, No. 24-CV-9546 (JAV), 2025 WL 1114319, at *1–*2 (S.D.N.Y. Apr. 15, 2025) (dismissing action with prejudice in light of plaintiff's "repeated verbal abuse" and "threats against litigants and counsel," which continued "unabated" despite prior warning from the court); *see also In re Buxbaum*, No. 25-CV-0611 (LTS) (S.D.N.Y. Jan. 22, 2025) (dismissing complaint as duplicative of another pending action). On April 1, 2025, Plaintiff commenced this action. His complaint contains a single sentence in support of his claim: "Defendant Zillow Group, Inc. was and is . . . making False Claims to the United States Government for money and committing fraud in spending such money by monopolizing the real estate marketplace and disseminating false mathematical information and selling information to the Plaintiff Michael Buxbaum thereby not listing the Plaintiff[']s properties for sale." Compl. 5, ECF No. 1. He requests as relief that this Court "1) Order Defendant's Zillow Group, Inc.'s suspension of real estate license pending the litigation of this complaint and request for injunction, 2) Order Defendant Zillow Group Inc. to pay Plaintiff Michael Buxbaum $5,500,000 for . . . False claims, 3) Order Defendant Zillow Group Inc. to pay Plaintiff Michael Buxbaum,

$93,931,548 for wrongful and intentional and repeated violation of [the] False Claims Act . . . ." *Id.* at 5–6.

## DISCUSSION

**A.    Plaintiff's complaint is frivolous**

Plaintiff's claim in this action is frivolous and his complaint must, therefore, be dismissed. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32–33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (explaining that a claim is frivolous when it "lacks an arguable basis either in law or in fact"). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon his belief that Defendant has made false claims to the government and committed fraud by "by monopolizing the real estate marketplace and disseminating false mathematical information and selling information to the Plaintiff Michael Buxbaum thereby not listing the Plaintiff[']s properties for sale." Compl. 5. But a "[p]laintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff has provided no factual basis for his assertion that Defendant committed fraud or illegally refused to list his properties for sale. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for

3

information and belief); *Johnson v. Univ. of Rochester Med. Center*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . a plaintiff must still set forth the factual basis for that belief"). Accordingly, Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous" based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

While Plaintiff is entitled to some "special solicitude" in light of his *pro se* status, this solicitude is lessened in light of his experience filing more than one hundred actions in this district. *Tracy*, 623 F.3d at 102. Even affording Plaintiff such solicitude, the Court finds that his claims must be dismissed as frivolous.

**B.    Leave to amend denied**

Although district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011). Indeed, other courts in this district have denied Plaintiff leave to amend on this basis. *See Buxbaum v. Bondi*, No. 25 Civ. 3052 (KPF), 2025 WL 1294168, at *2 (S.D.N.Y. May 5, 2025); *Buxbaum v. Trump*, No. 25-CV-3053 (JGK), 2025 WL 1294376, at *2 (S.D.N.Y. May 5, 2025). Plaintiff's complaint in this action does not suggest that he is in possession of facts that could cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (concluding that district court did not err in dismissing plaintiff's claim with prejudice, where there was no indication that plaintiff could provide additional allegations leading to different result). Because the defects in Plaintiff's complaint cannot be cured with an

amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint is hereby dismissed as frivolous. *See id.* The Clerk of Court is respectfully directed to enter judgment dismissing this action and mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:   May 30, 2025
        New York, New York

                                                  RONNIE ABRAMS
                                      United States District Judge